Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio



# MEMORANDUM OPINION

No. 04-09-00722-CR

Jose **ZAMORA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the County Court at Law No 4, Bexar County, Texas
Trial Court No. 256425
Honorable Sarah Garrahan-Moulder, Judge Presiding

Opinion by:  Rebecca Simmons, Justice

Sitting:  Karen A. Angelini, Justice
Phylis J. Speedlin, Justice
Rebecca Simmons, Justice

Delivered and Filed:  November 10, 2010

AFFIRMED

This appeal arises from the denial of Appellant Jose Zamora's motion to suppress evidence of his driving while intoxicated. Zamora argues that the trial court erred in denying his motion based on the arresting officer's lack of probable cause to conduct (1) the initial stop of Zamora's vehicle and (2) the field sobriety tests. We affirm the order of the trial court.

**BACKGROUND**

Around 2:00 a.m., on June 27, 2008, Officer Chris Ruiz stopped Zamora for traveling sixty miles per hour, fifteen miles over the posted speed limit. Officer Ruiz asked Zamora to exit the car, and, after performing several field sobriety tests, determined that Zamora was intoxicated and placed him under arrest for driving while intoxicated. Following Zamora's arrest, Officer Ruiz conducted an interview.

Zamora moved to suppress evidence based on Officer Ruiz's lack of reasonable suspicion to (1) stop Zamora's vehicle and (2) conduct field sobriety tests.[1] After a hearing, the trial court denied the motion. In accordance with Zamora's plea agreement, the trial court sentenced Zamora to six months confinement in the Bexar County jail, and assessed a fine in the amount of $300.00. Zamora appeals the trial court's denial of his motion to suppress.

**STANDARD OF REVIEW**

An appellate court reviews a trial court's order on a motion to suppress under a bifurcated standard, and affords almost total deference to the trial court's factual determinations. *Amador v. State*, 221 S.W.3d 666, 673 (Tex. Crim. App. 2007); *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). If the resolution of the factual determinations turns on the evaluation of a witness's credibility and demeanor, an appellate court also affords the same level of deference to a trial court's ruling on "application of law to fact questions," or "mixed questions of law and fact." *Amador*, 221 S.W.3d at 673 (internal quotes omitted). If not, the appellate court reviews the application of law to the facts de novo. *See id.*

---

[1] The trial court granted the motion to suppress with regard to a post-arrest interview.

**MOTION TO SUPPRESS**

Zamora argues that the trial court erred in denying his motion to suppress because Officer Ruiz lacked reasonable suspicion both to stop Zamora and to conduct field sobriety tests. The State disagrees based on the totality of the circumstances of the stop and arrest.

## A. Applicable Law

Routine traffic stops are investigative detentions that must be based on reasonable suspicion. *Martinez v. State*, 236 S.W.3d 361, 369 (Tex. App.—Fort Worth 2007, pet. ref'd, untimely filed) (citing *Berkemer v. McCarty*, 468 U.S. 420, 436 (1984)). These investigative detentions are governed by the two-pronged test in *Terry v. Ohio*, 392 U.S. 1 (1968). *See id.* First, a court must determine whether the officer's action was justified at its inception. *Kothe v. State*, 152 S.W.3d 54, 63 (Tex. Crim. App. 2004). In making this determination, it must consider whether the testifying officer has pointed to "specific, articulable facts that, when combined with rational inferences from those facts, would lead him to reasonably conclude that a particular person actually is, has been, or soon will be engaged in criminal activity." *Ford v. State*, 158 S.W.3d 488, 492 (Tex. Crim. App. 2005). "These facts must amount to more than a mere hunch or suspicion." *Brother v. State*, 166 S.W.3d 255, 277 (Tex. Crim. App. 2005). Second, the circumstances that justify the stop must be reasonably related to the scope of the seizure. *Kothe*, 152 S.W.3d at 63. In deciding whether a detention is reasonable, the stop may last no longer than necessary to fulfill the purpose of the stop. *Id.* A court measures reasonableness in objective terms by examining the totality of the circumstances. *Id.* at 62.

## B. The Stop

Officer Ruiz pointed to several specific, articulable facts relating to two distinct crimes that led him to stop Zamora's vehicle: speeding and suspicion of driving while intoxicated. At

the hearing, Officer Ruiz testified that Zamora was traveling at a speed of sixty miles per hour in an area with a posted speed limit of forty-five miles per hour. Officer Ruiz explained that he was driving at forty-five miles per hour, as indicated by his speedometer, and that he observed Zamora "spe[e]d right by [him];" followed Zamora for a few moments; and paced Zamora as traveling at sixty miles per hour.

Additionally, Officer Ruiz testified that Zamora failed to maintain a single lane and crossed over lane markers. Although failing to maintain a lane is not necessarily a criminal offense, it may give rise to a reasonable suspicion that a driver is intoxicated. *See Arizpe v. State*, 308 S.W.3d 89, 94 (Tex. App.—San Antonio, 2010, no pet.); *Tex. Dep't of Pub. Safety v. Bell*, 11 S.W.3d 282, 284 (Tex. App.—San Antonio, 1999, no pet.). Because Officer Ruiz developed reasonable suspicion to stop Zamora's vehicle for speeding, as well as for suspicion of driving while intoxicated, we overrule Zamora's contention that Officer Ruiz lacked reasonable suspicion to initiate the stop.

## C. The Field Sobriety Tests

We next address Zamora's contention based on the second prong of *Terry*, that Officer Ruiz lacked reasonable suspicion to conduct the field sobriety tests. *See Terry*, 392 U.S. at 37. At the hearing, Officer Ruiz testified that when Zamora pulled his vehicle over onto the left shoulder, he obstructed the left lane of travel on the interstate. Officer Ruiz further relayed that Zamora had a "strong odor of alcoholic beverage;" his eyes were "glossy and bloodshot;" and Zamora admitted to having four drinks before driving. At that point, Officer Ruiz asked Zamora to exit his vehicle and proceeded to conduct several field sobriety tests. As Zamora exited his vehicle and attempted to follow the officer's instructions, Officer Ruiz observed several specific, articulable instances that led him to reasonably believe that Zamora might have been driving

while intoxicated. During such time, Officer Ruiz developed the necessary reasonable suspicion to conduct the field sobriety tests to determine whether Zamora was intoxicated. *See State v. Wharton-Hasty*, No. 04-09-00428-CR, 2010 WL 2403730, at \*2 (Tex. App.—San Antonio June 16, 2010, no pet.) (holding that bloodshot eyes and "slight" odor of alcohol were sufficient to constitute reasonable suspicion to conduct field sobriety tests).

Zamora argues that Officer Ruiz lacked reasonable suspicion because Officer Ruiz testified at the hearing that Zamora was cooperative, that Zamora's speech was not slurred, and that Zamora did not fumble when he handed Officer Ruiz his driver's license and registration. However, because we measure reasonableness in objective terms by examining the ***totality*** of the circumstance, these facts do not negate Officer Ruiz's reasonable suspicion that Zamora was driving while intoxicated. *See Kothe*, 152 S.W.3d at 62–63. Consequently, not all of a driver's actions must suggest that he is driving while intoxicated. *See id.* Because Officer Ruiz had reasonable suspicion that Zamora was driving while intoxicated, we overrule Zamora's second issue on appeal.

CONCLUSION

Officer Ruiz developed reasonable suspicion to stop Zamora for speeding, and because Zamora's conduct provided further evidence to substantiate reasonable suspicion to conduct field sobriety tests, we cannot say the trial court abused its discretion in denying the motion to suppress the initial stop and the field sobriety tests. We, therefore, affirm the order of the trial court.

Rebecca Simmons, Justice

DO NOT PUBLISH